(561 P.2d 907)
No. 48,334

JAMES A. BELL, *Appellee*, v. KENT-BROWN CHEVROLET COMPANY, *Appellant.*

Opinion filed March 18, 1977.

*William E. Enright* and *George A. Scott*, of Scott, Quinlan & Hecht, of Topeka, for the appellant.

*Jerry R. Palmer*, of Topeka, for the appellee.

PARKS, J.: This is an action brought pursuant to the Kansas Consumer Protection Act, K.S.A. 1975 Supp. 50-623, *et seq.* (since amended, K.S.A. 50-623, *et seq.*). The trial court rendered judgment for the plaintiff, James A. Bell, in the total sum of $3,305 ($2,000 civil penalty, $1,000 attorney's fees, and $305 actual damages). The defendant, Kent-Brown Chevrolet Company, appeals. This appeal brings the act before our appellate courts for the first time.

On August 16, 1974, plaintiff purchased a 1974 Open Road van from the defendant for $6,170, less a trade-in. Defendant represented to the plaintiff that the vehicle was new. After delivery of the vehicle, it was discovered by the plaintiff that it had been damaged. He became aware of the damage when he noticed repainting on the side and paint flaking off the right rear corner. While installing trailer lights and taking the panel out of the inside, the plaintiff found body putty. In order to discover part of the damage to the vehicle, plaintiff had to remove an interior wood panel and a seat bench. Additional damage included a replacement bumper, a bent brace for the bumper, and file marks which indicated that the sliding door on the right side had been repaired. Plaintiff was advised by defendant that some of the damage could be repaired under warranty and offered in the alternative to give him another 1974 Open Road van of the same model and style. The substitute vehicle offered by defendant was found not to be equivalent to the one plaintiff had purchased, thus it was rejected by the plaintiff.

The trial court found as a matter of law, and as a part of its conclusion, that the failure to disclose the damages was a deceptive practice and that when the vehicle was sold to the plaintiff it had been altered materially different from the representation as a new vehicle.

In order to determine this case, it is necessary to examine certain sections of the Kansas Consumer Protection Act. They read, in part, as follows:

K.S.A. 1975 Supp. 50-623:

"This act shall be construed liberally to promote the following policies:

. . . .

"(b) To protect consumers from suppliers who commit deceptive and unconscionable sales practices."

K.S.A. 1975 Supp. 50-626:

"(a) No person shall engage in any false, misleading, deceptive or unconscionable trade practice in the sale, lease, rental or loan or in the offering for sale, lease, rental or loan of any goods or services.

"(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act:

"(1) Representations that:

. . . .

"(C) goods are original or new, if they are deteriorated, altered, reconditioned,

repossessed or second-hand or otherwise used to an extent that is materially different from the representation."

In lieu of setting forth the provisions of K.S.A. 1975 Supp. 50-624, we would simply state that the defendant qualifies as a "person" under subsection (*h*), and the vehicle sold constitutes "goods" under subsection (*e*) of this statute.

The first issue presented to this court is whether defendant's representation that the vehicle was "new," when in fact the vehicle had been damaged and thereafter repaired, constitutes a deceptive consumer sales practice under the Kansas Consumer Protection Act.

Defendant contends that the legislature, in enacting the Kansas Consumer Protection Act, was attempting to protect consumers from conduct intentionally done by suppliers. It argues that since the trial court found no evidence of any willful nondisclosure on its part, there was no violation of the act.

K.S.A. 1975 Supp. 50-626 (*b*) (1) (C) specifically declares it to be a violation of the act to make representations that goods are new, if they are deteriorated, altered, reconditioned or otherwise used to an extent that is materially different from the representation.

The Kansas Comment to K.S.A. 1975 Supp. 50-626 says:

"1. Subsection (*a*) generally prohibits any deceptive practice in a consumer transaction. . . . The acts and practices listed in subsection (*b*) are *treated as per se deceptive*, and are merely illustrative of the acts and practices which violate the act as set forth in the broadly worded subsection (*a*). . . ." (Emphasis added.)

In connection with the argument that its representation did not constitute a violation of the act, the defendant further contends that it had no actual knowledge of the damage prior to being advised by the plaintiff.

The trial court in the present case found that the defendant knew or should have known, by any reasonable visual inspection of the vehicle prior to the sale and delivery, that this vehicle had been damaged and repairs had been made.

Unlike many statutes, *i.e.* criminal statutes, a careful analysis of the act reveals that it imposes no requirement of intent or prior knowledge on the part of a supplier.

Under the circumstances, we cannot say that the trial court erred in finding that the defendant violated the Kansas Consumer Protection Act.

The second issue presented is whether there was evidence to support the trial court's finding that when the vehicle was sold to the plaintiff it had been altered materially different from the representation of a new vehicle.

A review of the record clearly indicates that the evidence is undisputed that the vehicle had been damaged prior to the sale and delivery to the plaintiff; that Mr. Paporello represented the vehicle as new when he sold it to the plaintiff; that the trial judge made a personal inspection of the vehicle at the time of trial; that Mr. Peterson, area service manager for Chevrolet Motor Division of General Motors, testified that the brace had been pushed in and pulled loose from the outer body panel, and further that such damage was caused by an impact of being hit on the right rear quarter of the vehicle.

The case was tried to the court and under such circumstances the court is the finder of facts. The extent of our review is set forth in *Highland Lumber Co., Inc. v. Knudson,* 219 Kan. 366, Syl. 4, 548 P. 2d 719:

"Upon appellate review this court accepts as true the evidence, and all inferences to be drawn therefrom, which support or tend to support the findings in the trial court, and disregards any conflicting evidence or other inferences which might be drawn therefrom. Where findings are attacked for insufficiency of evidence, or as being contrary to the evidence, this court's power begins and ends with determining whether there is evidence to support such findings. Where the findings are so supported, they will not be disturbed on appeal. It is of no consequence there may have been contrary evidence adduced which, if believed, would have supported different findings. (Following *Farmers State Bank of Ingalls v. Conrardy,* 215 Kan. 334, Syl. 1, 524 P. 2d 690.)"

We are convinced that there was sufficient evidence to support the trial court's finding that the vehicle had been altered materially from the representation that it was a new vehicle.

Now we turn our attention to defendant's complaint that the award of a $2,000 civil penalty pursuant to K.S.A. 1975 Supp. 50-636 is excessive, and that the trial court erred in awarding attorney's fees in the amount of $1,000.

K.S.A. 1975 Supp. 50-636 (*a*) provides:

"The commission of any act or practice declared to be a violation of this act shall render the violator liable for the payment of a civil penalty, recoverable in an individual action, including an action brought by the attorney general or county attorney or district attorney, in the sum of not more than two thousand dollars ($2,000.00) for each violation."

K.S.A. 1975 Supp. 50-634 (*e*) provides:

"Except for services performed by the attorney general, the court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed. . . ."

We interpret these statutes to mean that the award of civil damages and attorney's fees is purely discretionary with the trial court. The court is restricted to a maximum of $2,000 for civil penalties and limited to the award of attorney fees based on the work reasonably performed.

Judicial discretion is abused when judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. (*Stayton v. Stayton*, 211 Kan. 560, 562, 506 P. 2d 1172.)

After consideration of the facts and circumstances contained in the present case, we are unable to find anything which would justify a conclusion that the trial court abused its judicial discretion in awarding the civil damages and attorney's fees to the plaintiff.

Defendant maintains that the court erred in awarding actual damages in the amount of $305 to the plaintiff. We find that the defendant is correct in this assertion.

K.S.A. 1975 Supp. 50-634 (*b*) provides:

"A consumer who suffers loss as a result of a violation of this act may recover, but not in a class action, actual damages *or* a civil penalty as provided in K.S.A. 1973 Supp. 50-636 (*a*), as amended, whichever is greater." (Emphasis added.)

It is obvious in reading this statute that the prevailing party is not entitled to both actual damages and a civil penalty. Inasmuch as the civil penalty is greater than the actual damages incurred by plaintiff, we hold it was error for the trial court to award the plaintiff $305 as actual damages.

In view of our decision, other points raised on appeal become immaterial and need not be discussed or decided.

The judgment below is affirmed (a) insofar as the allowance of a $2,000 civil penalty to plaintiff, and (b) insofar as the allowance of fees in the sum of $1,000 to plaintiff for his attorney's fee. It is reversed insofar as it required defendant to pay actual damages in

the sum of $305 to plaintiff. This case is remanded to the trial court for further proceedings in accordance with the views herein expressed.