(732 P.2d 392)

No. 59,608

MABLE HAAG, *Appellee,* v. DRY BASEMENT, INC., a/k/a DRY
BASEMENT OF KANSAS CITY, INC., *Appellant.*

Petition for review denied April 10, 1987.

Opinion filed February 5, 1987.

*Susan Teson* and *Irving Achtenberg*, of Achtenberg & Achtenberg, P.C., of Kansas City, Missouri, and *Mark R. Singer*, of Romain & Singer, Chartered, of Overland Park, for appellant.

*Jerome S. Koehler, Jr.*, of Shawnee Mission, for appellee.

Before MEYER, P.J., REES and DAVIS, JJ.

MEYER, J.: Defendant appeals the district court's award of $3,460.00 in damages to plaintiff in her action against defendant arising out of a contract to repair plaintiff's basement. After defendant furnished its initial work, plaintiff's basement continued to leak, despite defendant's frequent efforts to repair it.

Plaintiff filed suit against defendant under the Limited Actions procedure, seeking damages in the amount of $5,000.00. She based her cause of action on the theories of fraud, breach of express and implied warranties, and violation of the Consumer Protection Act.

Defendant asserts the trial court erred in allowing plaintiff to recover on all the theories. We agree that the court erred in concluding that she could recover on her fraud and implied warranty claims. Further, plaintiff's counsel stated at oral argument that plaintiff had abandoned her express warranty theory, and sought recovery only under the provisions of the Kansas Consumer Protection Act. Consequently, this cause of action is the only one we will address herein.

The defendant contends the trial court erred in allowing the plaintiff to recover under the provisions of the Kansas Consumer

Protection Act (KCPA), K.S.A. 50-623 *et seq.*, because the action is barred by the statute of limitations. We disagree.

K.S.A. 60-512(2) provides:

"The following actions shall be brought within three (3) years: . . . An action upon a liability created by a statute other than a penalty or forfeiture."

The appropriate inquiry to determine whether a liability is created by a statute (thus making K.S.A. 60-512[2] applicable) is whether liability for resultant damages would not arise but for the statute. *Pecenka v. Alquest*, 6 Kan. App. 2d 26, 28, 626 P.2d 802, *cert. denied* 229 Kan. 670 (1981). We conclude that the liability imposed by the KCPA fits in this category.

The KCPA gives consumers a private right of action against suppliers who commit deceptive and unconscionable practices. K.S.A. 50-623(b); K.S.A. 50-634(b). Although the actions upon which a consumer may establish liability under the KCPA sound largely in fraud, see K.S.A. 50-626, a critical element of a common-law fraud action, the intent to defraud, need not be proven. *Willman v. Ewen*, 230 Kan. 262, 267, 634 P.2d 1061 (1981) ("there may be liability even though the deception or unconscionable practice was performed innocently and without the intent to injure the consumer"); *Bell v. Kent-Brown Chevrolet Co.*, 1 Kan. App. 2d 131, 133, 561 P.2d 907 (1977). Further, it has been written:

"In determining the elements of proof required in a damage suit under the [KCPA,] proof of the 'deceptive trade practice' proscribed by the Act does not require proof of all the elements of a common law fraud." Note, *A New Kansas Approach to an Old Fraud*, 14 Washburn L.J. 623, 635 (1975).

We hold that because a supplier's liability to a consumer is created by the provisions of the Kansas Consumer Protection Act, the three-year statute of limitations for an action upon a liability created by statute, K.S.A. 60-512(2), applies to suits brought under the Act. That statute's three-year limitation has been clearly met in this case. The defendant completed its work in September of 1981 and plaintiff filed suit in February of 1984, within three years of the act giving rise to injury. We hold that plaintiff's petition was timely filed.

However, defendant contends that either the two-year statute of limitations in K.S.A. 60-513(3) or the one-year statute of

limitations in K.S.A. 60-514(3) bars plaintiff's action under the KCPA. We disagree.

K.S.A. 60-513(3) is the two-year statute of limitations which applies to fraud actions. Defendant asserts that because an action under the KCPA is, in fact, an action based on fraud, the provisions of that statute should apply to bar plaintiff's action. As stated and cited above, and as supported by other Kansas authority, a plaintiff pursuing a cause of action under the KCPA may establish a supplier's liability without proof that the supplier intended to injure the consumer. This difference clearly distinguishes the KCPA action from the common-law fraud action. A violation of the KCPA is not the same as a common-law action for fraud such as is contemplated by the provisions of K.S.A. 60-513(3). Therefore, the defendant's argument that K.S.A. 60-513(3) bars plaintiff's action is not persuasive.

Defendant argues in the alternative that the one-year statute of limitations found in K.S.A. 60-514(3) bars plaintiff's action. That statute states:

"The following actions shall be brought within one (1) year. . . . An action upon statutory penalty or forfeiture."

The defendant contends that because a violation of the KCPA may give rise to a statutory penalty (see 50-634[b]), K.S.A. 60-514(3) is the appropriate statute of limitations. We disagree.

Defendant's argument is specifically addressed in *Holley v. Coggin Pontiac*, 43 N.C. App. 229, 259 S.E.2d 1, *cert. denied* 298 N.C. 806 (1979). Although the case is from a different jurisdiction, we believe its legal analysis is relevant to the issue. The most enlightening aspect of the opinion is the court's emphasis on the *nature* of the right which has been injured and not the *remedy* therefor. *Holley*, 43 N.C. App. at 241. According to the court, "to let the limitations be determined by the remedy would be to have the tail wag the dog." We conclude the North Carolina court properly stated the focus of the issue presented to this panel.

The nature of plaintiff's action was to recover upon a liability created by statute and *not* upon a statutory penalty. She sought to bring defendant within the scope of the KCPA and establish its liability thereunder rather than to recover upon a statutory penalty.

Additionally, the *Holley* court noted that "where there is doubt as to which statute of limitations should apply, the longer statute should be chosen." *Holley*, 43 N.C. App. at 240-41. This statement is a general rule of construction applied to statutes of limitations and, while not stated specifically in Kansas cases, finds support in other jurisdictions. See *San Manuel Copper Corporation v. Redmond*, 8 Ariz. App. 214, 218, 445 P.2d 162 (1968); *Jefferson v. Nero*, 225 Ark. 302, 306, 280 S.W.2d 884 (1955); *Sprung v. Rasmussen*, 180 N.W.2d 430, 433 (Iowa 1970); *Sprecher v. Magstadt*, 213 N.W.2d 881, 883 (N.D. 1973); *Shew v. Coon Bay Loafers, Inc.*, 76 Wash. 2d 40, 51, 445 P.2d 359 (1969).

Further, we believe that applying the three-year statute of limitations promotes the policy of the KCPA, which is designed in part to protect consumers from suppliers who commit deceptive practices. K.S.A. 50-623(b). Many deceptive practices could go undiscovered for over a year, thus preventing consumers from protecting their statutory rights.

Finally, our conclusion that the three-year statute applies is in accordance with the general rule of statutory construction that statutes should be interpreted so as to give them their ordinary meaning. See, *e.g., Phillips v. Vieux*, 210 Kan. 612, 617, 504 P.2d 196 (1972). It is clear that, under the terms of K.S.A. 60-512(2), an action under the KCPA is an action upon a liability created by statute. There is no corresponding action in the common law. Therefore, based upon the plain meaning of K.S.A. 60-512(2), we conclude that it is the appropriate statute governing actions under the KCPA.

Defendant contends the trial court's findings relating to the defendant's liability under the KCPA are not supported by substantial competent evidence. We disagree.

The trial court made the following conclusions relating to the defendant's alleged violation of the KCPA:

"Defendant has committed unfair and/or deceptive acts in violation of K.S.A. 50-626(b)(1)(A) and K.S.A. 50-626(b)(2). Defendant represented to plaintiff its services had benefits or qualities that they do not have. Defendant intentionally used exaggeration as to a material fact."

"Defendant has committed unconscionable acts and practices in violation of K.S.A. 50-627 by its demand, within the 3 year warranty period, of a $487.00 payment from plaintiff for labor and material to stop the seepage."

The scope of appellate review when the trial court has been the factfinder is discussed in *Bell v. Kent-Brown Chevrolet Co.,* 1 Kan. App. 2d at 134:

" 'Upon appellate review this court accepts as true the evidence, and all inferences to be drawn therefrom, which support or tend to support the findings in the trial court, and disregards any conflicting evidence or other inferences which might be drawn therefrom. Where findings are attacked for insufficiency of evidence, or as being contrary to the evidence, this court's power begins and ends with determining whether there is evidence to support such findings. Where the findings are so supported, they will not be disturbed on appeal. It is of no consequence there may have been contrary evidence adduced which, if believed, would have supported different findings.' "

Upon review of the record, we conclude that the trial court's finding that the defendant represented that its services had benefits or qualities the services in fact did not have is supported by substantial competent evidence. Plaintiff testified that defendant's agent told her that defendant could fix the problem and that plaintiff would have a dry basement. Such was not the case. Plaintiff's basement leaks water to this day.

Likewise, the trial court's conclusion that defendant intentionally used exaggeration as to a material fact is supported by the evidence. Defendant told plaintiff that it guarantees its work for three years, and that it fixes any additional seepage problem at no additional charge. Again, such a statement was not true in this case. Defendant told plaintiff that, in order to fix her problem, she would have to pay an additional $487.00, in excess of the contract price, to install a sump pump system to remedy the problem. The defendant initially told her that (1) it could fix the problem and (2) she would not be charged additional monies if the basement leaked. We believe the trial court's conclusion is supported by substantial competent evidence.

Because we conclude that substantial evidence supports the trial court's finding of unfair and/or deceptive acts in violation of K.S.A. 50-626, we do not deem it necessary to analyze whether defendant's acts were "unconscionable" under K.S.A. 50-627(b).

The defendant contends that the trial court's award of $3,460.00 in damages is not supported by substantial competent evidence. Although the trial court miscalculated the damages,

we conclude the miscalculation was favorable to defendant and that award cannot be reduced.

The determination of the amount of damages is a factual issue, and the trial court's calculation will be upheld if supported by substantial competent evidence. In order for the evidence to be sufficient to warrant a recovery of damages, there must be some reasonable basis for computation which will enable the fact-finder to arrive at an approximate estimate thereof. *Venable v. Import Volkswagen, Inc.*, 214 Kan. 43, 50, 519 P.2d 667 (1974).

The plaintiff's testimony established that she suffered damages of at least $3,746.00, as follows:

| | |
|---|---:|
| Contract with defendant | $2,250.00 |
| Miscellaneous damages: dehumidifier $259; loveseat $100; damage to ceiling $600; 2 chairs $50 | 1,009.00 |
| Sump pump needed | 487.00 |
| | $3,746.00 |

There was also testimony that another contractor would charge her $3,419.00 to waterproof her basement, and this, plus the $1,009.00 of miscellaneous damages shown above, totals $4,428.00. As can be seen, each of these damage computations exceeds the $3,460.00 awarded to plaintiff by the trial court. We thus disagree with defendant's contention that there was insufficient evidence to support the judgment of the trial court. Under the evidence, plaintiff was entitled to a dry basement, and therefore to the $3,419.00. See, *e.g., Mahoney, Inc. v. Galokee Corporation,* 214 Kan. 754, 756, 522 P.2d 428 (1974). Further, under the provisions of the KCPA, plaintiff may recover her actual damages, and she was entitled, in addition, to the $1,009.00 miscellaneous damages. On appeal, plaintiff does not assert that she was entitled to increased damages. There being ample evidence to support the findings of the trial court, its determination of damages cannot be disturbed.

Defendant contends the trial court erred in failing to sustain its motion to alter or amend the judgment. We are not persuaded. Because the trial court did not err in its original judgment, it did not err in failing to sustain defendant's motion.

Affirmed.

REES, J., concurring: I concur in the result, that is, affirmance of the trial court judgment.