Randy GRIFFIN, Plaintiff,

v.

SECURITY PACIFIC AUTOMOTIVE FINANCIAL SERVICES COR-PORATION, Defendant.

Civil Action No. 96–2275–GTV.

United States District Court, D. Kansas.

Nov. 3, 1998.

Tamatane Aga, Jr., Olathe, KS, for Randy Griffin.

Rex A. Sharp, Joseph P. Conran, Husch & Eppenberger, Kansas City, MO, for Security Pacific Credit Corp., aka, Bank of America NT & SA.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This diversity case arises out of the sale and repossession of a 1985 BMW 318i that plaintiff Randy Griffin leased and attempted to purchase. Plaintiff alleges that defendant failed to assign him title to the BMW in violation of K.S.A. 8–135(c) and that defendant committed deceptive acts and practices in violation of the Kansas Consumer Protection Act ("KCPA"), K.S.A. 50–623 *et seq.* The case is before the court on defendant's motion for partial dismissal (Doc. 99). For the reasons set forth, defendant's motion is granted in part and denied in part as follows: the motion is granted as to plaintiff's KCPA claims for civil penalties stemming from incidents occurring before May 13, 1995, and denied as to all other claims.

### I. Factual Background

In its February 17, 1998 order, the court provided a comprehensive account of the facts of this case. What follows is an abbreviated version, containing those facts particularly relevant to the instant motion.

In 1985, plaintiff and defendant entered into a 48–month closed-end vehicle lease agreement. In February 1989, before the lease expired, defendant informed plaintiff that he had the option either to enter into a second lease, to buy the car for cash, or to finance the purchase of the car through defendant. Plaintiff chose to purchase the car through an installment purchase contract.

When plaintiff's lease expired in May 1989, his loan application for the purchase of the car had yet to be processed. Nonetheless, plaintiff began making what he believed were payments toward the purchase of the car. Plaintiff made five payments prior to the preparation and signing of the installment contract. Instead of crediting these five payments to the installment contract, defendant, without plaintiff's knowledge, retroactively entered plaintiff into a five-month hold-over lease.

During the term of the installment contract, the title certificate continued to show as owner of the vehicle, "Security Pacific Credit Corp. c/o Randy Griffin." Defendant did not formally assign title of the BMW to plaintiff after the purchase contract was signed. When plaintiff inquired as to why the title was not assigned, defendant stated that, as a California bank, it was not required to comply with Kansas law. Plaintiff proceeded to make thirty-one payments under the contract, but intentionally failed to make the final five. He asserted that the five payments made in the interim period between the end of the first lease and the signing of the installment purchase contract should have been credited toward the vehicle purchase price under the installment contract. In April 1992, plaintiff called defen-

dant and inquired about the status of his first five payments. He was told that those payments would be credited to his outstanding balance on the installment contract. The payments were never credited.

In January 1993, defendant turned plaintiff's account over to a collection agency. Between January 1993 and July 1994, collection agencies made various written and telephone contacts with plaintiff, but did not collect any money. Plaintiff continued to drive the BMW.

On July 28, 1994, defendant repossessed the BMW. Defendant sold the car and credited the sale price to plaintiff's alleged outstanding balance. Although the plaintiff's outstanding balance was no longer on defendant's books, collection efforts persisted. On July 21, 1995, defendant acknowledged that the debt had been paid and that it had failed to notify the collection agency. Plaintiff brought this action on May 13, 1996.

## II. Legal Standards

In ruling on a motion to dismiss, the court accepts the veracity of all well-pleaded facts in the plaintiff's complaint and views both the facts and all reasonable inferences in the light most favorable to the plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The pleadings must be construed liberally. *Gas–A–Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102 (10th Cir.1973); *see* Fed. R.Civ.P. 8(a), (f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff ultimately will prevail, but whether the plaintiff will be allowed to offer evidence to bolster the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "The court may not dismiss a case for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Fuller v. Norton,* 86 F.3d 1016, 1020 (10th Cir.1996).

## IV. Discussion

Defendant seeks partial dismissal on the ground that many of plaintiff's claims are barred by applicable statutes of limitations. Defendant claims that Counts II through X and most of Counts I and XI are barred because they seek civil penalties which are governed by a one-year statute of limitations period. Defendant also claims that the remainder of Count I, which seeks actual damages under the KCPA, and Count XIII are time-barred because any injury suffered by plaintiff accrued in 1989—more than six years before plaintiff filed suit.[1]

### A. Choice of Law

■ Before addressing the merits of defendant's arguments, the court must determine which state's substantive law governs plaintiff's claims. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In making this determination, the court first applies the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Kansas adheres to a lex loci delicti approach, meaning that the law of the "place of the wrong" controls. *Ling v. Jan's Liquors,* 237 Kan. 629, 703 P.2d 731, 735 (1985). The "place of the wrong" is the location in which the last event necessary to impose liability occurred. *Id.* It is clear from the face of the complaint that plaintiff leased and later purchased the car in Kansas and that plaintiff was a Kansas resident when defendant failed to deliver title. Furthermore, the court assumes from plaintiff's allegations that the repossession occurred within the state of Kansas. Therefore, because the place of the wrong is Kansas, the court applies Kansas law.

### B. KCPA Claims (Counts I–XI)

In his complaint, plaintiff alleges hundreds of violations of the Kansas Consumer Protection Act ("KCPA"), K.S.A. 50–623 et seq. In Counts I through XI, plaintiff seeks actual damages or a $5,000.00 civil penalty, whichever is greater, for each violation of the

---

1. In its June 24, 1998 order, the court dismissed Count XII, which asserted a claim for conversion of the BMW.

KCPA. Defendant contends that most of plaintiff's claims are time-barred by applicable statutes of limitations. Specifically, defendant claims that plaintiff's claims seeking civil penalties are time-barred by the one-year limitations period of K.S.A. 60–514(3) and that his claims seeking actual damages in Count I are barred by the three-year limitations period of K.S.A. 60–512(2).

K.S.A. 60–512(2) provides that actions "upon a liability created by a statute other than penalty or forfeiture" must be brought within three years. K.S.A. 60–514(3) provides that "[a]n action upon statutory penalty or forfeiture" must be brought within one year. The parties agree that plaintiff's claims brought under the KCPA seeking actual damages are governed by K.S.A. 60–512(2). *See Haag v. Dry Basement, Inc.*, 11 Kan.App.2d 649, 651–52, 732 P.2d 392 (1987). They disagree, however, as to the limitations period applicable to plaintiff's claims brought under the KCPA seeking civil penalties. Plaintiff asserts that the three-year statute of limitations period of K.S.A. 60–512(2) also governs his claims seeking civil penalties. Defendant contends that the court should apply the one-year limitations period of K.S.A. 60–514(3) to plaintiff's claims seeking civil penalties.

After reviewing state and federal case law and the statutory language of K.S.A. 60–512(2) and 60–514(3), the court concludes that KCPA actions seeking actual damages are governed by the three-year statute of limitations period of 60–512(2), and KCPA actions seeking civil penalties are governed by the one-year statute of limitations period of 60–514(3). In *Haag v. Dry Basement, Inc.*, the Kansas Court of Appeals held that the three-year statute of limitations period of K.S.A. 60–512(2) governs KCPA actions seeking actual damages. 11 Kan.App.2d at 651–52, 732 P.2d 392. The plaintiff in *Haag* sought only actual damages under the KCPA. The defendant in that case argued that K.S.A. 60–514(3) should apply to the plaintiff's KCPA claims because such claims may give rise to statutory penalty. *Haag*, 11 Kan.App.2d at 651, 732 P.2d 392. The *Haag* court rejected the defendant's argument and applied K.S.A. 60–512(2) to the plaintiff's ac-

tual damages claim. *Id.* at 651–52, 732 P.2d 392. Because the plaintiff sought actual damages rather than civil penalties, the court concluded:

The nature of plaintiff's action was to recover upon a liability created by a statute and not upon a statutory penalty. She sought to bring defendant within the scope of the KCPA and establish its liability thereunder rather than to recover upon a statutory penalty.

*Id.* at 651, 732 P.2d 392. It is implicit from *Haag* that KCPA actions seeking actual damages and KCPA actions seeking civil penalties are governed by different statutes of limitations.

Federal courts in this district that have considered KCPA claims seeking both actual damages and civil penalties have reached conclusions consistent with *Haag. See Wight v. Agristor Leasing*, 652 F.Supp. 1000, 1018 (D.Kan.1987); *AgriStor Leasing v. Meuli*, 634 F.Supp. 1208, 1218 (D.Kan.1986). In both cases, the district court held that KCPA actions for actual damages are governed by the three-year statute of limitations, while KCPA actions for civil penalties are governed by the one-year statute of limitations. *See id.* Applying the one-year limitations period, the court concludes that plaintiff's claims for civil penalties stemming from incidents occurring before May 13, 1995 are time-barred. Accordingly, Counts I through XI are dismissed as to those KCPA claims seeking civil penalties for acts occurring prior to May 13, 1995.

In Count I, plaintiff seeks actual damages for defendant's alleged violations of the KCPA. Plaintiff alleges that defendant made continuing material misrepresentations and omissions concerning the installment contract and the amount of plaintiff's debt. While the record is unclear as to when defendant, itself, made various misrepresentations or omissions after May 13, 1993, it is undisputed that, after that date, collection agencies hired by defendant were contacting plaintiff in an attempt to recover a non-existent debt. Viewing all reasonable inferences in a light most favorable to plaintiff, the court concludes that defendant, itself or via its agent or agents, made misrepresentations or omis-

sions after May 13, 1993.[2] Defendant's motion to dismiss is denied as to plaintiff's actual damages claims in Count I.

### 2. Breach of Contract/Recission Claim (Count XIII)

In Count XIII, plaintiff originally sought damages for defendant's alleged breach of the installment contract. In its February 17, 1998 order, the court ruled that any alleged contract to purchase the BMW was fraudulent and void under Kansas law. Furthermore, in the court's June 24, 1998 order, the court interpreted Count XIII to be a claim seeking damages for defendant's violation of K.S.A. 8–135(c). The question now before the court is whether plaintiff's claim is barred by the applicable statute of limitations. The court concludes that it is not.

In *Tilson v. Newell,* the Supreme Court of Kansas held that when a seller violates K.S.A. 8–135(c), "the purchaser could maintain an action against the seller . . . for the money he paid on the purchase price of the [vehicle] and for damages resulting from the unlawful acts of the seller. . . ." 179 Kan. 73, 74, 293 P.2d 227 (1956). Such an action cannot sound in contract, because a violation of K.S.A. 8–135(c) nullifies any previously existing contract. The court concludes that the action available to a would-be purchaser under the statute sounds in tort.

The court now turns to whether plaintiff's tort claim is barred by the applicable statute of limitations. In Kansas, the statute of limitations for tort claims is two years.[3] *See* K.S.A. 60–513(a). The date upon which the statute of limitations commences to run is determined by K.S.A. 60–513(b). Under subsection (b), a cause of action does not accrue "until the act giving rise to the cause of action first causes substantial injury. . . ." The court concludes that defendant's failure to deliver title in violation of K.S.A. 8–135(c) first caused substantial injury to plaintiff when defendant repossessed the automobile. The two-year statute of limitations did not begin to run until July 28, 1994, the day the BMW was repossessed. Plaintiff filed suit in a timely fashion on May 13, 1996. Accordingly, defendant's motion to dismiss is denied as to Count XIII.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for partial dismissal (Doc. 99) is granted in part and denied in part. The motion is granted as to plaintiff's KCPA claims seeking civil penalties stemming from acts occurring prior to May 13, 1995, and denied as to all other claims.

The clerk shall mail copies of this order to counsel of record.

**IT IS SO ORDERED.**

---

**2.** Although it is unclear whether defendant is liable for the alleged acts or omissions of the various collection agencies, that issue is not presently before the court.

**3.** Count XIII is not governed by the three-year statute of limitations period of K.S.A. 60–512(2) because his action is not "upon a liability created by a statute." *See* K.S.A. 60–512(2).