(857 P.2d 676)

No. 67,512

GEORGE R. PORRAS, *Plaintiff/Appellee/Cross-Appellant*, v. DON-ALD H. BELL, FAITH N. BELL, and BELL ENTERPRISES, INC., *Defendants/Appellants/Cross-Appellees.*

Opinion filed June 4, 1993.

*W. Joseph Hatley*, of Lathrop & Norquist, of Overland Park, and *Timothy K. McNamara*, of the same firm, of Kansas City, Missouri, for appellants/cross-appellees.

*Michael T. Halloran*, *Ronald D. Montieth*, *Eric T. Swanson*, and *James E. Impey*, of Knipmeyer, McCann, Smith, Manz and Gotfredson, of Kansas City, Missouri, for appellee/cross-appellant.

Before ELLIOTT, P.J., RULON and PIERRON, JJ.

ELLIOTT, J.: Plaintiff George Porras bought a new home built by defendants; this case involves alleged defects in the home. The jury returned a verdict in favor of plaintiff on his claim of breach of contract and further found the Bells violated the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623 *et seq.*

The trial court subsequently awarded plaintiff attorney fees and costs pursuant to K.S.A. 50-634(e)(1). The Bells appeal the KCPA issue, and plaintiff cross-appeals as to the amount of attorney fees awarded.

We reverse.

*Is intent an essential element of plaintiff's KCPA claim?*

The KCPA was enacted to protect consumers from suppliers who commit deceptive sales practices. K.S.A. 50-623(b). The Act

has always been construed liberally. *Willman v. Ewen*, 230 Kan. 262, 267, 634 P.2d 1061 (1981).

No one disputes that plaintiff's purchase of the home is a consumer transaction covered by the KCPA. See *Hoffman v. Haug*, 242 Kan. 867, 752 P.2d 124 (1988).

The KCPA provides in K.S.A. 50-626 as follows:

"(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.

"(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act:

(1) Representations made *knowingly or with reason to know that*:

(A) Property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have;

. . .

(D) property or services are of particular standard, quality, grade, style or model, if they are of another which differs materially from the representation; or

. . .

(2) the *intentional use*, in any oral or written representation, of exaggeration, innuendo or ambiguity as to a material fact.

(3) the intentional failure to state a material fact, or the intentional concealment, suppression or omission of a material fact, whether or not any person has in fact been misled." (Emphasis added.)

The acts and practices described in subsection (b) are treated as *per se* deceptive and are illustrative of acts and practices which violate the Act as set forth in subsection (a). See K.S.A. 50-626, Kansas Comment.

The trial court refused to make intent an element of plaintiff's KCPA claim, relying on *Bell v. Kent-Brown Chevrolet Co.*, 1 Kan. App. 2d 131, 561 P.2d 907 (1977), and two subsequent cases which cite favorably to *Bell*, *Willman v. Ewen*, 230 Kan. 262; and *Swanston v. McConnell Air Force Base Fed'l Cred. Union*, 8 Kan. App. 2d 538, 661 P.2d 826 (1983).

The reliance is simply misplaced. *Bell* was decided under K.S.A. 1975 Supp. 50-626. See 1 Kan. App. 2d at 132. The requirement of proof of intent was added to 50-626 by an amendment in 1976. See L. 1976, ch. 236, § 3.

Under the version of 50-626 applicable herein, intent was required; mere nondisclosure was not sufficient. *Heller v. Martin*, 14 Kan. App. 2d 48, 52, 782 P.2d 1241 (1989). See *Manley v. Wichita Business College*, 237 Kan. 427, 438, 701 P.2d 893 (1985).

Effective July 1, 1991, the legislature amended the statute, changing "intentional" to "willful." L. 1991, ch. 159, § 2.

In the present case, plaintiff contends he is pursuing his claim under 50-626(a) and not (b). Suffice it to say, both the petition and the pretrial order specifically allege violations of 50-626(b)(1)(A), (b)(1)(D), (b)(2), and (b)(3).

The trial court's instructions deleted intent as an element of plaintiff's KCPA claim. As such, the instructions do not correctly state the law. We cannot find such error to be harmless, as there is a real possibility the jury may have returned a different verdict had it been properly instructed. See *Guillan v. Watts,* 249 Kan. 606, 617, 822 P.2d 582 (1991).

Defendants also contend the trial court improperly excluded some testimony as hearsay. We need not decide this issue. Statements *not* offered to prove the truth of the statement are not inadmissible hearsay. *Prairie State Bank v. Hoefgen,* 245 Kan. 236, 243, 777 P.2d 811 (1989). On the other hand, the trial court does have discretion to exclude relevant evidence if its probative value is substantially outweighed by its prejudicial nature. *Van Hoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 549 P.2d 1354 (1976).

Since we are reversing for a new trial, we deem the cross-appeal to be moot.

Reversed and remanded for a new trial.