Alan JOSEPH and Brenda Joseph, Plaintiffs–Appellants,

v.

TERMINIX INTERNATIONAL COMPANY, Limited Partnership, Defendant–Appellee.

No. 92–3348.

United States Court of Appeals, Tenth Circuit.

Feb. 23, 1994.

Robert T. Cornwell, Wichita, Kansas, for Plaintiffs–Appellants.

Thomas J. Lasater (Jordan E. Clay with him on the brief) of Fleeson, Gooing, Coulson & Kitch, Wichita, Kansas, for Defendant–Appellee.

Before BRORBY, HOLLOWAY, and KELLY, Circuit Judges.

BRORBY, Circuit Judge.

Alan and Brenda Joseph appeal a trial court ruling denying the introduction of newly discovered evidence and an Order denying their motion for a new trial. We have jurisdiction under 28 U.S.C.A. § 1291 and affirm.

## BACKGROUND

This is a diversity action involving Kansas tort law. The Josephs contracted with Terminix, in 1978, to treat their house against termite infestation. The contract provided

for ongoing inspection and further treatment as necessary. Eleven years later, the Josephs became dissatisfied with service by Terminix when an investigation of their home by a state official revealed treatment below state regulations. They then sued Terminix asserting various forms of fraud, including material omission, and violation of the Kansas Consumer Protection Act.

The home owners argue during the eleven years Terminix represented that treatment was adequate and complete. The Josephs admitted, however, in deposition they had no knowledge of termite problems at the present time nor additional requests for treatment. A Terminix official testified that, based on his review of a branch office file, responses to all prior requests for treatment were completed. After the close of the Josephs case in chief, and just before the close of defendant's defense, however, counsel for the Josephs sought to introduce evidence discovered over the previous weekend which they argue proves Terminix had still not completed all requested treatment.

In denying the introduction of new evidence, the district court determined introduction would highly prejudice the defendant if permitted at that late date. The jury ruled in favor of Terminix and the Josephs filed a Motion for a New Trial. In denying the motion, the district court concluded the Josephs failed to exercise due diligence in obtaining the evidence and Terminix would have been unfairly prejudiced had the proffered evidence been introduced. The Josephs appeal the trial court's ruling denying the introduction of newly discovered evidence and the Order denying their motion for a new trial.

## DENIAL OF NEWLY DISCOVERED EVIDENCE

Ruling from the bench, the trial court excluded the Josephs newly discovered evidence of inadequate termite treatment since introduction would be "highly prejudicial" to the defendants. The parties present different interpretations of the exact grounds for the trial court's ruling. Counsel for the Josephs contends the court based its ruling on Federal Rule of Evidence 403. Counsel for

Terminix contends the court decided not to allow plaintiffs to reopen their case in chief after the close of the defendant's evidence. Under either basis, the court did not abuse its discretion.

■ Whether the trial court erred in excluding plaintiff's evidence on grounds that its probative value was substantially outweighed by the danger of unfair prejudice pursuant to Rule 403 is reviewed under an abuse of discretion standard. *O'Banion v. Owens–Corning Fiberglas Corp.*, 968 F.2d 1011, 1013 (10th Cir.1992). The trial judge is particularly suited to this task due to his or her familiarity with the full array of evidence. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1257 (10th Cir.1988). We have stated, however, that Rule 403 is an extraordinary remedy and should be used sparingly. *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408 (10th Cir.1988); *K–B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1155 (10th Cir.1985).

■ In this case, the trial court was concerned with the necessity of prolonging the trial and the unfair prejudice to the defense if the evidence were to be introduced on the last day of trial. Had the Josephs been allowed to introduce their newly discovered evidence, the trial would be continued to permit Terminix the opportunity to question the proffered witnesses and inspect the home to verify their claims. Since the proffered testimony contradicted some of the prior testimony by Mr. Joseph and the Joseph's expert witness, the state investigator, Terminix would be unfairly denied the opportunity to use testimony elicited from its prior cross-examination. Moreover, since the evidence was proffered after the close of defendant's evidence, Terminix was denied the opportunity to appropriately respond in a timely manner.

Against these concerns we examine the relevancy of the excluded evidence. During oral argument before this Court, counsel for the Josephs suggested the evidence would rebut testimony by a Terminix official that all repair was complete. Counsel further asserts the evidence would be probative of a fraudulent intent to conceal the incomplete

nature of the repairs. Intent is a necessary element of plaintiff's various theories of fraudulent misrepresentation or material omission, and an element of a Kansas Consumer Protection Act violation. *Anderson v. Heartland Oil & Gas, Inc.,* 249 Kan. 458, 819 P.2d 1192, 1200 (1991) (tort of fraudulent promise of future events requires intent to deceive), *cert. denied,* —— U.S. ——, 112 S.Ct. 1946, 118 L.Ed.2d 550 (1992); *Tetuan v. A.H. Robins Co.,* 241 Kan. 441, 738 P.2d 1210, 1230 (1987) (tort of misrepresentation requires intent to deceive); *Heller v. Martin,* 14 Kan.App.2d 48, 782 P.2d 1241, 1244 (1989) (material omission in violation of Kansas Consumer Protection Act requires intentional concealment); *see Porras v. Bell,* 18 Kan. App.2d 569, 857 P.2d 676, 678 (1993) (1991 amendment to the Act changing "intentional" to "willful" does not remove requirement of proof of intent).

Although the entire trial transcript was not designated on the record of appeal, the trial court mentioned, at the time of the proffer, the Josephs had already argued alleged misrepresentations by Terminix and the history of alleged disrepair. Hence, the excluded evidence, although probative of intent, would be cumulative. We cannot find the trial court abused its discretion in excluding evidence with only cumulative or rebuttal value weighed against its concerns.

■ Next, we examine whether the trial court could have erred in failing to reopen the Josephs case in chief. Again, denial of motion to reopen a case for additional evidence is reviewed under an abuse of discretion standard. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–31, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Delano v. Kitch,* 663 F.2d 990, 1003 (10th Cir.1981), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2012, 72 L.Ed.2d 468 (1982). The court should consider the time the motion is made, the character of additional testimony and the potential prejudicial effect in granting or denying the motion. 6A James Wm. Moore, *Moore's Federal Practice,* ¶ 59.04[13], at 59–33 (2d ed. 1993). The record shows the trial court's concern with prejudicing the defense in allowing additional testimony on the last day of trial. We find the court did not abuse its discretion in refusing to permit new testimony on the incomplete nature of termite treatment.

## DENIAL OF THE MOTION FOR A NEW TRIAL

■ The Josephs argue a new trial should have been granted since they exercised due diligence, despite uncovering the proffered evidence late in the trial proceedings, because of their reasonable reliance on the defendant's misrepresentations. Denial of a motion for a new trial is within the discretion of the trial court and will not be disturbed on appeal in the absence of manifest abuse of discretion. *Canady v. J.B. Hunt Transp., Inc.,* 970 F.2d 710, 716 (10th Cir.1992); *McCullough Tool Co. v. Well Surveys, Inc.,* 343 F.2d 381, 410 (10th Cir.1965), *cert. denied,* 383 U.S. 933, 86 S.Ct. 1061, 15 L.Ed.2d 851 (1966).

Counsel for the Josephs did not specify the grounds for new trial in his initial motion and does not further clarify in his appellate briefs. Conceivably the motion could be based on alleged newly discovered evidence, Fed.R.Civ.P. 59 or 60(b)(2), or on alleged fraud, misrepresentation, or other misconduct by an adverse party, Fed.R.Civ.P. 60(b)(3). After examining both grounds, we find the trial court did not abuse its discretion.

■ A party seeking a new trial on newly discovered evidence must show "(1) the evidence was newly discovered since the trial; (2) [the moving party] was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence [was] material; and (5) that a new trial, with the newly discovered evidence[, will] probably produce a different result." *Graham v. Wyeth Labs.,* 906 F.2d 1399, 1416 (10th Cir.), *cert. denied,* 498 U.S. 981, 111 S.Ct. 511, 112 L.Ed.2d 523 (1990); *accord McCullough Tool,* 343 F.2d at 410. The trial court, in denying the Josephs' motion, concluded plaintiffs failed to exercise due diligence in obtaining the proffered evidence and could not have reasonably relied on de-

fendant's assertions while simultaneously preparing several fraud claims.

On appeal, the Josephs argue due diligence was satisfied because it was reasonable for them to rely on Terminix's assurances to a state official that repairs had been completed. We decline to hold reliance on representations made to a state official is necessarily reasonable. But even if the Josephs acted diligently in discovering the proffered evidence, it would still be cumulative or offered as rebuttal. Therefore, we find no abuse of discretion for denying a new trial based on newly discovered evidence.

Counsel for the Josephs offers in passing, both in his Memorandum in Support of a Motion for New Trial and in his Opening Brief of the Appellant, that Terminix's conduct constitutes a fraud on the court. Counsel does not point to a contemporaneous objection made at the time his proffer of evidence was denied. Generally, we do not review a challenge not raised by timely objection, unless "the underlying fairness of the entire trial [is] placed in issue" by misconduct of counsel. *Ryder v. City of Topeka,* 814 F.2d 1412, 1424 n. 25 (10th Cir.1987); *see Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 962 (10th Cir.1993); Fed.R.Civ.P. 46. Since we have already determined the evidence to be cumulative and impeaching, no threat to the underlying fairness of the entire trial is at stake.

Even if we were to review this challenge, however, the Josephs have not sustained the requisite burden by presenting clear and convincing proof of fraud, misrepresentation, or other misconduct. *See Anderson v. Department of Health & Human Servs.,* 907 F.2d 936, 952 (10th Cir.1990) (citation omitted). "Seemingly inconsistent testimony does not necessarily suggest fraud." *Id.* Without more evidence from the Josephs, the trial court did not abuse its discretion in denying a new trial on these grounds.

### CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's refusal to introduce newly discovered evidence after the close of the plaintiff's case in chief, and **AFFIRM** the order denying the motion for new trial.