**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SHERRONE BURLESON,

Plaintiff-Appellant,

v.

SPRINT PCS GROUP,

Defendant-Appellee.

No. 04-6082
(D.C. No. 02-CV-1000)
(W.D. Okla.)

---

ORDER AND JUDGMENT       *

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*       This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Sherrone Burleson, proceeding pro se, appeals from five orders entered in her lawsuit against her employer. She sued under Title VII alleging that her employer, defendant Sprint PCS Group (Sprint), subjected her to a sexually hostile work environment, engaged in *quid pro quo* sexual harassment, and retaliated against her for seeking to vindicate her rights. The district court entered summary judgment in Sprint's favor on the *quid pro quo* sexual harassment and retaliation claims. Following a trial on the remaining claim, a jury returned a verdict for Sprint. Ms. Burleson's motion for a new trial was denied, and she appeals. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Ms. Burleson challenges the following orders issued by the district court: (1) the order directing her to appear for a neuropsychological examination by Sprint's expert witness, (2) the order denying her motion to extend the witness list deadline, (3) the order denying her motion to recuse, (4) the order denying her motion to dismiss Sprint's second motion in limine, and (5) the order denying her motion for a new trial. Ms. Burleson's motion to amend her notice of appeal to narrow the issues presented for appeal is granted.

BACKGROUND

During her employment with Sprint, Ms. Burleson complained of sexual harassment by fellow employees, including Ron Witcher. She asserted that Sprint

-2-

took no action as a result of her complaints, except to initiate disciplinary actions against her. She further alleged that Sprint permitted Mr. Witcher to escalate his harassment of her until her work environment became hostile. Consequently, she filed suit against Sprint, claiming, among other things, that the actions of Sprint personnel impaired her mental, emotional and medical condition.

As noted above, Ms. Burleson appeals five specific orders. She does not appeal the order granting summary judgment to Sprint, nor does she challenge the sufficiency of the evidence to support the jury verdict. Accordingly, we limit our consideration to the issues identified by Ms. Burleson.

ANALYSIS

*Neuropsychological Evaluation*

Ms. Burleson asserts that the district court erred in requiring her to submit to a neuropsychological evaluation by Sprint's expert witness. "When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . ." Fed. R. Civ. P. 35(a). Ms. Burleson alleged that Sprint caused her mental, emotional and medical condition to be impaired. Therefore, Sprint requested that she be examined by a medical professional. We review a district court's ruling on a Rule 35 motion for an abuse of discretion. *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997).

-3-

Ms. Burleson claims the district court erred in ordering her to appear for the examination despite the lack of a formal motion seeking such an order. In addition, she would have preferred a neutral professional to the one selected by Sprint. Sprint filed a motion to extend the expert-witness deadline due to Ms. Burleson's refusal to be examined. After Ms. Burleson stated in open court that she intended to continue to refuse, the district court construed the motion to extend the deadline as a request to require Ms. Burleson to be examined, and directed Ms. Burleson to submit to an examination. Ms. Burleson has provided no reason that would have permitted her to avoid being examined by Sprint's medical professional. Consequently, the district court did not abuse its discretion in ordering her to submit to the examination.

*Witness List Deadline*

Ms. Burleson next challenges the orders denying her repeated requests to extend the deadline to file witness lists to permit her to list three additional witnesses. The district court denied Ms. Burleson's motions because the proffered testimony was only tangentially related to the claims set for trial, Sprint would not have adequate time to investigate the witnesses' allegations within the existing deadlines, and extending the deadlines and trial date were unwarranted.

We review discovery rulings for an abuse of discretion. *See Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir. 1994). "We will not reverse a

decision to limit discovery absent a clear showing that the denial of discovery resulted in actual and substantial prejudice to the complaining litigant." *Davoll v. Webb*, 194 F.3d 1116, 1139 (10th Cir. 1999) (quotation omitted). Ms. Burleson has not explained how she was prejudiced by the district court's ruling, except to assert generally that the witnesses would have testified in support of her claims. This falls short of the showing necessary to demonstrate an abuse of discretion.

*Motion to Recuse*

Ms. Burleson claims that the district court should have recused itself under 28 U.S.C. §§ 144 and 455. She contends that the court was required to appoint a different judge to rule on her motion and that the court was biased against her, as evidenced by adverse rulings. We review the decision not to recuse under either § 144 or § 455 for an abuse of discretion. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

To be entitled to recusal under § 144, the moving party must submit an affidavit showing, among other things, bias and prejudice. *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). The facts alleged in the § 144 affidavit must be accepted as true, but they are construed strictly against the moving party. *Glass*, 849 F.2d at 1267. "The

-5-

affidavit is insufficient if it merely states conclusions, rumors, beliefs and opinions. . . ." *Id.* Under § 455, "the factual allegations need not be taken as true, and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 1268 (quotation omitted).

Ms. Burleson cites no authority, and we know of none, requiring a different judge to act on a recusal motion. Her affidavit in support of her recusal motion alleged that she was prejudiced by the actions of her former attorney and Sprint's attorneys, that the trial judge colluded with Sprint's counsel and was swayed by the importance of Sprint and its attorneys in the local community, and that the judge's rulings against her showed bias and prejudice. The actions of others do not provide grounds for recusal. Moreover, adverse rulings cannot alone provide grounds for disqualification, *Mitchell v. Maynard*, 80 F.3d 1433, 1449 (10th Cir. 1996), and Ms. Burleson has not shown that the district court's rulings were unreasonable or incorrect, let alone that they demonstrated bias. Lastly, Ms. Burleson's charges of collusion and outside pressure "lacked particularity" and were based on "conclusions, rumors and innuendo." *Glass*, 849 F.2d at 1267-68. Accordingly, we hold that the district court did not abuse its discretion in denying the motion to recuse, under either § 144 or § 455.

*Motion in Limine*

Ms. Burleson next appeals the district court's ruling on her request to introduce evidence of other Sprint employees' sexual harassment complaints against the company. In addition, she asserts error in the district court's ruling that affidavits were not admissible at trial, but the affiant would have to testify in person. Sprint filed a motion in limine to exclude this evidence on the ground that Ms. Burleson had not shown that the other employees' situations were similar to hers. The district court rejected Ms. Burleson's opposition to Sprint's motion in limine, a ruling we review for an abuse of discretion. *See Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1087 (10th Cir. 2001) ("Evidentiary rulings are reviewed for abuse of discretion.").

Ms. Burleson did not demonstrate that the circumstances involving the other employees were similar to hers or otherwise tied to hers, which would permit the inference that their experiences were relevant to her claims. *Cf. Curtis v. Okla. City Pub. Sch. Bd. of Educ.*, 147 F.3d 1200, 1217-18 (10th Cir. 1998) (finding no abuse of discretion in excluding testimony of other employees in retaliation case due to differences in plaintiffs' and other employee's situations). We find no abuse of discretion in excluding this evidence. Furthermore, the district court did not abuse its discretion in requiring Ms. Burleson's witnesses to

testify in person, rather than by affidavit. Fed. R. Civ. P. 43(a); Fed. R. Evid. 801(c).

*Motion for New Trial*

Finally, Ms. Burleson claims she is entitled to a new trial for the following reasons: exclusion of affidavits by other Sprint employees alleging sexual harassment; the trial court's bias; newly discovered evidence; and fraud, misrepresentation and misconduct by Sprint and its attorneys. She invoked both Rules 59 and 60 of the Federal Rules of Civil Procedure in her post judgment motion. "Denial of a motion for a new trial is within the discretion of the trial court and will not be disturbed on appeal in the absence of manifest abuse of discretion." *Joseph v. Terminix Int'l Co.*, 17 F.3d 1282, 1285 (10th Cir. 1994).

We have already discussed and rejected Ms. Burleson's claims pertaining to exclusion of other Sprint employees' affidavits and the district court's bias. These claims do not entitle her to a new trial. [1]

---

[1] Ms. Burleson also claims she was improperly prevented from introducing evidence that her former manager refused to permit her to listen to monitored calls and have copies of her monitored reports. She maintains that this evidence was relevant to her claim of a hostile work environment, and that the district court's requirement that evidence be probative of a *gender-based* hostile work environment was error. The district court was correct. Title VII is not a "general civility code[;] . . . it is directed only at discrimination because of sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (quotation omitted).

Ms. Burleson asserts that documents she requested during discovery but did not receive qualify as newly discovered evidence entitling her to a new trial. The first set of documents (McKinney notes) came to light during trial when Sprint attempted to introduce them into evidence. Ms. Burleson's objection was sustained and the McKinney notes were not admitted. Ms. Burleson claims a second set of documents showed that her supervisor had been informed of her sexual harassment complaints before he disciplined her (Archer statement). Ms. Burleson also became aware of the Archer statement during trial.

The evidence Ms. Burleson asserts was newly discovered was clearly available to her at trial. Therefore, it does not qualify as newly discovered evidence under either Rule 59 or 60. *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (Rule 59); *Graham ex rel. Graham v. Wyeth Labs.*, 906 F.2d 1399, 1416 (10th Cir. 1990) (Rule 60).

Moreover, Ms. Burleson has not demonstrated how this evidence warrants relief from judgment. *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1300 (10th Cir. 2002). The district court sustained Ms. Burleson's objection to the introduction of the McKinney notes. The Archer statement was relevant to her retaliation claim, which was disposed of on summary judgment, a ruling she does not challenge. To the extent she argues generally that if she had been aware of the evidence sooner she would have

prevailed at trial, this argument does not make the requisite showing "that a new trial, with the newly discovered evidence would probably produce a different result." *Graham*, 906 F.2d at 1416.

Lastly, we consider Ms. Burleson's claims of fraud, misrepresentation, and misconduct by Sprint's attorneys. To be entitled to relief on these grounds, Ms. Burleson must show that "the challenged behavior . . . substantially . . . interfered with [her] ability fully and fairly to prepare for and proceed at trial." *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004).

Ms. Burleson charges that Sprint's attorneys (1) withheld the McKinney notes and Archer statement discussed above, (2) deposed her for more than seven hours without informing her that she could object, (3) insisted on cross-examining a witness during a deposition and canceled other depositions, (4) hired Ms. Burleson's then-attorney for an unrelated matter which prevented him from zealously representing her, and (5) prepared Sprint employees to testify at trial. There is no support in the record for the attorney-stealing claim. As for Ms. Burleson's remaining charges, we conclude that they do not demonstrate misconduct. Consequently, we hold that the district court did not abuse its discretion in denying Ms. Burleson's motion for a new trial.

Ms. Burleson's motion to amend her notice of appeal is GRANTED. All other pending motions are DENIED. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge